IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-82 |
| | § | C.A. No. C-07-446 |
| GUILLERMO GALVAN, | § | |
| Defendant/Movant. | § | |

**ORDER SETTING EVIDENTIARY HEARING**

Pending before the Court is Guillermo Galvan's ("Galvan") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum. (D.E. 64, 65.)[1] Also before the Court is the government's response, which moves for the dismissal of Galvan's motion. (D.E. 67, 68.)  On March 3, 2008, Galvan filed a reply (D.E. 73), which the Court has also considered.

For the reasons set forth below, the Court concludes that an evidentiary hearing is necessary to rule on Galvan's first and second grounds for relief.   It withholds ruling at this time as to his remaining grounds for relief.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II.  BACKGROUND**

**A.     Summary of Offense**[2]

On February 23, 2004, Galvan was the passenger of a 2002 Kia that arrived at the U.S. Border

---

[1] Docket entry references are to the criminal case, Cr. No. C-04-82.

[2] The facts of the offense are from Paragraphs 3 and 4 of Galvan's Presentence Investigation Report ("PSR").

Patrol Checkpoint in Falfurrias, Texas. The driver of the vehicle was Monique Elaine Sloss. During the immigration inspection, the agent noticed that Galvan appeared nervous and avoided eye contact. Additionally, the service canine alerted to the vehicle. The agent requested and received permission from Sloss to search the vehicle.

Once in secondary, the canine again alerted to the vehicle, specifically near the passenger seat. The agent asked Galvan if he had any narcotics, but Galvan told him no, and gave the agent consent to search his person. A search of Galvan's waistband revealed 6 grams of cocaine and 79 grams of marijuana wrapped in one vacuum-sealed bundle. Galvan advised agents that the cocaine and marijuana was his and that his girlfriend, Sloss, had no knowledge of it. He advised that he was taking the drugs to an individual in Uvalde, Texas because he owed a favor to a gang member in his gang, the Almighty Latin Kings. He then refused to answer further questions. Sloss advised that she was not aware that Galvan had the narcotics with him and refused to make any statements.

**B.     Criminal Proceedings**

On March 10, 2004, Galvan was charged in a two-count indictment with: (1) possession with intent to distribute approximately 6 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count One"); and (2) possession with intent to distribute approximately 79 grams of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Galvan pleaded not guilty and proceeded to trial. Immediately prior to trial, the United States filed a notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on a prior conviction of Galvan's.

On May 7, 2004, Galvan was found guilty of both counts by a jury. (D.E. 19.) Pursuant to the Court's instructions (D.E. 20), the probation department prepared a Presentence Investigation Report ("PSR"). The PSR calculated Galvan's base offense level to be 10, and made no adjustments to that offense level. (PSR at ¶¶ 8-16.) Because of his prior convictions, however, the PSR determined that

Galvan was a career offender within the meaning of U.S.S.G. § 4B1.1, which increased his offense level to 34. (PSR at ¶¶ 17-20.) The level was 34 rather than 32 because it was based on the statutory maximum for the offense and, pursuant to the enhanced penalties under 21 U.S.C. § 851, the statutory maximum for his offense was 30 years. (PSR at ¶ 17.)

When coupled with his criminal history category of VI, the resulting guideline range was 262 to 327 months. (PSR at ¶¶ 35, 55.) Galvan, through counsel, filed written objections to the PSR, objecting to the unconstitutionality of the application of the career offender provision to Galvan. (PSR at 19; D.E. 21.) He also moved for a downward departure. (D.E. 21.)

Galvan was sentenced on July 20, 2004 and was represented, as he had been throughout his criminal proceedings, by Assistant Federal Public Defender Jason B. Libby. At the beginning of sentencing, the Court asked Galvan whether Libby was following his instructions, and Galvan indicated some dissatisfaction with his counsel, including his allegation (also raised in his § 2255 motion) that Libby failed to obtain a plea agreement for him. The Court allowed Galvan to set forth what he believed to be the alleged deficiencies of Libby, and also allowed Libby to explain and respond to those allegations. (See generally D.E. 34, Sentencing Transcript ("S. Tr.") at 5-19.) The Court stated that it would not appoint new counsel, even if Galvan wanted new counsel, because there was no absolute conflict. Instead, it seemed to the Court that Galvan was simply "distressed about the outcome of the trial." (S. Tr. at 18.)

During sentencing, the Court overruled Galvan's objection to the unconstitutionality of the Sentencing Guidelines and also declined to downwardly depart. (S. Tr. at 27-28, 44-48.) Instead, the Court imposed a guideline sentence of 262 months on Count One and 120 months on Count Two, to run concurrently, to be followed by a six-year supervised release term on Count One and a four-year term on Count Two, also to run concurrently. (S. Tr. at 46-47.) The Court also imposed a

3

special assessment of $100 for each count. (S. Tr. at 47.) Judgment was entered on July 27, 2004. (D.E. 27.)

Galvan timely appealed and continued to be represented on appeal by the Office of the Federal Public Defender. (D.E. 26.) The Fifth Circuit issued a *per curiam* opinion on June 7, 2005, after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (See D.E. 39.) Although the Fifth Circuit affirmed his conviction, it vacated Galvan's sentence and remanded for resentencing in light of Booker. (D.E. 39.) Galvan filed a petition for writ of certiorari, but the Supreme Court denied it. (D.E. 57.)

This Court resentenced Galvan on September 9, 2005. (D.E. 47.) At resentencing, Galvan was again represented by Libby. Through counsel, Galvan argued again that the career offender guideline should not apply because his prior conviction of attempted burglary of a habitation was not a qualifying offense. (D.E. 54, Transcript of Resentencing ("Resent. Tr.") at 4.) The Court stated that, because that argument had been appealed and rejected by the Fifth Circuit, it would not rule on it. (Resent. Tr. at 25.) The Court reduced Galvan's sentence by 111 months, imposing a 151-month sentence on Count One and a 72 month-sentence on Count Two, to run concurrently, and left the six-year and four-year supervised release terms and the $200 special assessment undisturbed. (D.E. 47, 48.) An amended judgment was entered on September 19, 2005. (D.E. 48.)

Once again, Galvan appealed. (D.E. 46.) The Fifth Circuit affirmed in a per curiam opinion (D.E. 59) and the Supreme Court denied certiorari on November 27, 2006. In re Galvan, No. 06-7365 (November 27, 2006 Order denying petition for writ of certiorari).

Galvan then filed the instant § 2255 motion, which was received by the Clerk on November 20, 2007. (D.E. 64, 65.) It is timely.

### III. MOVANT'S ALLEGATIONS

Galvan lists four grounds for relief in his motion, three of which are ineffective assistance of counsel claims. First, he contends that Libby was constitutionally ineffective because he urged Galvan to go to a jury trial "in the face of insurmountable evidence." (D.E. 64 at 4.) Second, he claims that counsel was ineffective for failing to "pursue a plea agreement." (D.E. 64 at 5.)

Galvan's third and fourth grounds for relief are related. In his third, Galvan claims that he was denied due process of law when he was sentenced as a career offender because the Court relied upon police reports as a means of determining that his prior burglary was a "crime of violence." (D.E. 64 at 7.) He claims that, in doing so, the Court violated the Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (2005).

In his fourth and final ground for relief, Galvan argues that he was denied effective assistance of counsel at sentencing because Libby failed to object to the district court's use of police reports to determine whether his prior burglary was a crime of violence within the meaning of the career offender provisions. He contends that counsel should have objected on the basis of Shepard.

The United States has filed a response in which it argues that no evidentiary hearing is required and that Galvan's motion should be dismissed. It has also provided the affidavit of Galvan's counsel in the underlying proceedings, Assistant Federal Public Defender Jason B. Libby. The Court hereby expands the record to include the affidavit.

### IV. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory

5

maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Claims of Ineffective Assistance of Counsel During Plea Negotiations**

Galvan's claims that his counsel was ineffective during plea negotiations are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In his first ground for relief, Galvan claims that Libby urged him to go to trial instead of pleading guilty. In his supporting memorandum, Galvan seems to contend that Libby should have made every effort to urge him to plead guilty instead. Libby disputes Galvan's version of events.

6

(D.E. 67, Libby Aff. at pp. 2-4.) Libby claims that he told Galvan that his chances of prevailing at trial were "slim," but that the decision to go to trial or to plead guilty was Galvan's. (Libby Aff. at ¶ 9.) He flatly denies that he urged Galvan to take the case to trial. (Id. at ¶ 8.) Because there is a dispute of fact concerning what advice was given with regard to Galvan's decision to plead not guilty, the Court will hold an evidentiary hearing. A hearing on this issue would allow the Court to fully assess the credibility of the parties and obtain additional evidence.[3]

As to Galvan's second claim, the government is correct that the record in the criminal case contains some evidence that Libby attempted to obtain a plea agreement on the terms Galvan wanted. (See, e.g., S. Tr. at 11, 13-14; see also Libby Aff. at ¶¶ 7, 10.) Again, however, an evidentiary hearing would allow the Court to fully develop the record on this issues. See supra note 3.

In short, because the Court cannot determine on the basis of the current record whether Galvan is entitled to relief as to his first and second claims, the Court will hold an evidentiary hearing. See Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

If the Court grants Galvan relief on either of his claims that counsel rendered ineffective assistance during plea negotiations, one possible remedy may be to permit Galvan to plead guilty and to resentence him. If that occurs, his remaining claims will be rendered moot. Accordingly, the Court will not address his remaining claims at this time. If, subsequent to the hearing, the Court denies relief on Galvan's first two claims, it will then address his remaining grounds for relief.

---

[3] The government correctly notes that the record in this case contains various statements to the Court by Libby as to what transpired with regard to the plea negotiations and as to why Galvan elected to go to trial. The Court nonetheless believes that the record is not adequate to dispose of Galvan's claims. For example, the evidentiary hearing will allow Galvan an opportunity to cross-examine Mr. Libby with the assistance of new counsel, an opportunity that was not provided during the original criminal proceedings.

## V.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on Galvan's § 2255 motion.  **The evidentiary hearing is set for 2:00 p.m. on Tuesday, July 15, 2008.**

Galvan is entitled to be represented by counsel at the hearing.  See RULES GOVERNING SECTION 2255 MOTIONS 8(c).  Accordingly, attorney Randall Barrera, 5959 S. Staples #208, Corpus Christi, TX 78413 is hereby appointed to represent Galvan at the evidentiary hearing.  A copy of this Order shall be provided to Mr. Barrera, as well as directly to Galvan.

ORDERED this 30th day of May, 2008.

_____
Janis Graham Jack
United States District Judge