**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| V. § | CR. No. C-04-82 | |
| § | C.A. No. C-07-446 | |
| GUILLERMO GALVAN, § | | |
| Defendant/Movant. § | | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Guillermo Galvan's ("Galvan") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum. (D.E. 64, 65.)[1] Also before the Court is the government's response, which moves for the dismissal of Galvan's motion. (D.E. 67, 68.) On March 3, 2008, Galvan filed a reply (D.E. 73), which the Court has also considered.

On July 31, 2008, the Court held an evidentiary hearing to address two of Galvan's four claims. Galvan was represented at the hearing by appointed counsel Randall Barrera. For the reasons set forth by the Court at the conclusion of the hearing, and for the reasons set forth below, Galvan's § 2255 motion is DENIED in its entirety. Additionally, the Court DENIES Galvan a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. No. C-04-82.

1

## II. BACKGROUND

The factual and procedural background of the case are set forth in the Court's order setting the case for an evidentiary hearing (D.E. 74 at 1-5), as are the legal principles governing Galvan's claims of ineffective assistance of counsel during plea negotiations. (D.E. 74 at 6-8.) Additionally, at the evidentiary hearing held on July 31, 2008, the Court heard testimony from both Galvan and from Jason Libby, Galvan's defense counsel in the underlying criminal proceedings. (See Minute Entry dated July 31, 2008.)

Libby testified, consistent with the averments in his affidavit, that he did not try to persuade Galvan to go to trial, and that he told Galvan it was always the client's decision as to whether to go to trial or to plead guilty. He also testified that there were extensive negotiations between himself and Assistant United States Attorney Lance Duke regarding a possible plea agreement. Indeed, Libby testified that he had more plea negotiations with AUSA Duke in this case than he does in most cases with an AUSA. According to Libby, each time an offer was made by Mr. Duke, Libby conveyed it to Galvan and Galvan rejected it.

Libby testified that Galvan consistently refused to plead guilty to any charge other than a simple possession charge, and that the United States was simply not willing to enter into any agreement that permitted Galvan to plead to simple possession instead of possession with intent to distribute. Apparently, Galvan believed that a plea to possession with intent to distribute would simply result in too long a sentence. Thus, he elected to proceed to trial instead.

During Galvan's testimony at the evidentiary hearing, he admitted that plea offers had been conveyed to him by Libby. According to Galvan, however, he told Libby that he wanted a written plea agreement and that he wanted an agreement with "nothing in it about cooperation with the government." He testified that he did not want to go to trial. He also testified that he told Libby that

he did not want to go trial, and that he wanted a written plea agreement. Despite his numerous prior convictions, Galvan testified that he was "naive toward the law." He admitted upon cross-examination, however, that he was aware of his ability to plead guilty and avoid going to trial.

At the conclusion of the hearing, the Court stated on the record that it found Galvan not to be credible and that it found Libby to be a credible witness. The Court further found that Libby investigated the possibility of a plea agreement, perhaps more than most attorneys would, and that Galvan was not interested in a plea agreement. The Court also specifically found that Libby in no way forced Galvan to proceed to trial.

### III. MOVANT'S ALLEGATIONS

As noted in the Court's order setting the case for an evidentiary hearing, Galvan's § 2255 motion contains the following four grounds for relief:

> 1. his counsel was ineffective because counsel urged or forced him to proceed to a jury trial "in the face of insurmountable evidence against" him (D.E. 64 at 4);
>
> 2. his counsel was ineffective for failing to "pursue a plea agreement" (D.E. 64 at 5);
>
> 3. he was denied due process of law when he was sentenced as a career offender because the Court relied upon police reports as a means of determining that his prior burglary was a "crime of violence," in supposed violation of Shepard v. United States, 544 U.S. 13 (2005) (D.E. 64 at 7); and
>
> 4. his counsel was ineffective because he failed to object to the Court's use of police reports to determine whether his prior burglary was a crime of violence under the career offender provisions.

As discussed in detail herein, Galvan is not entitled to relief on any of his claims.

3

## IV. DISCUSSION

### A. Alleged Ineffective Assistance of Counsel With Regard to Plea Negotiations

As noted above, the Court finds no merit in Galvan's contention that he was somehow "forced" to go to trial by Libby, or that Libby failed to pursue a plea agreement on Galvan's behalf. Galvan's testimony to the contrary, the sole support in the record for his claims, was simply not believable. Accordingly, Galvan has wholly failed to show deficiency on the part of Libby.

Galvan also cannot establish prejudice. In order to show prejudice as to any alleged failure to advise him regarding his decision to proceed to trial, Galvan would have to show that, but for counsel's alleged errors, he would have pleaded guilty and a reasonable probability that he would have received a different sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004) The Court concludes that Galvan cannot show prejudice because the Court does not believe that Galvan would have pleaded guilty had counsel taken some additional action. Rather, the Court credits Libby's testimony that Galvan simply refused to plead guilty to anything other than simple possession, an option which was not available to him.

Because Galvan has failed to establish either deficiency or prejudice, his first two ineffective assistance claims fail.

### B. Court's Alleged Violation of Shepard

Galvan's third claim is that he was denied due process by the Court's use of police reports to establish that his prior conviction for burglary was a crime of violence. The government argues that, for several reasons, this claim is not properly before the Court. (D.E. 67 at 13-18.) For example, the government argues that the law of the case doctrine bars consideration of this claim, and that the claim is barred because Shepard was decided prior to Galvan's second appeal, and Galvan did not

4

raise the alleged Shepard violation during that appeal. (D.E. 67 at 13-18.) The Court need not resolve any of these issues, because no violation of the principles set forth in Shepard occurred in this case. Thus, even if it were properly before the Court, this claim would fail.

In Shepard (and its predecessor case, Taylor v. United States, 495 U.S. 575 (1990)), the sentencing court had been tasked with determining whether a defendant's prior conviction for burglary constituted a "violent felony" under the Armed Career Criminal Act ("ACCA"). The determination was not entirely straightforward because some states, such as Massachusetts (where the questioned conviction arose in Shepard), define "burglary" more broadly than the ACCA. That is, under the ACCA, a predicate violent felony for burglary means "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," referred to by the Taylor court as "generic burglary." Shepard, 544 U.S. at 16-17. Massachusetts and some states, however, also include entry into a boat or car under the category of "burglary." Id. at 17. Thus, the Supreme Court has set forth certain rules as to what the sentencing court can review to determine whether a prior conviction constitutes a "generic burglary" under the ACCA.

In pertinent part, Shepard held that a sentencing judge may not look to police reports or complaint applications to determine whether a defendant's prior conviction constitutes a conviction for generic burglary under the ACCA. Id. at 16. Instead, the sentencing court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id.

In this case, Galvan's prior conviction was for attempted burglary *of a habitation*, not "burglary." (PSR at ¶ 30 (emphasis added).) Both the charging document and the judgment in his case so indicate. (See D.E. 67 at Attachments 2 & 3.) Thus, the conviction was clearly a predicate offense under the ACCA, and Shepard is inapposite.

It is true that Galvan's counsel raised the issue of the *facts* of the attempted burglary in support of a motion for downward departure. (D.E. 34, Sentencing Transcript at 37-38.) That is, counsel noted that the offense involved the taking of an air conditioner unit from a house, rather than an entry into the dwelling. He thus argued that, although Galvan pleaded guilty to attempted burglary of a habitation, the facts were not as serious as that offense might sound. At that time, however, the Court had already overruled objections to the application of the career offender provisions. It is clear, therefore, that those facts were not taken into account by the Court. Moreover – and significantly – the facts referred to by counsel were not contained in a police report, but in the charging document itself, which the Court could consider under Shepard. (D.E. 67 at Attachment 2.)

In short, Galvan has not shown any violation of Shepard by this Court. His third claim thus fails.

**C.    Ineffective Assistance at Sentencing**

Galvan's final ineffective assistance of counsel claim is that Libby was ineffective for failing to object to the Court's alleged use of police reports to determine whether his prior burglary conviction was a crime of violence. This claim is without merit. As noted in the preceding section, the Court did not err in this regard. Thus, there is no prejudice to Galvan from counsel's failure to object on this ground. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

Galvan also argues that his trial counsel was deficient for failing to challenge his prior convictions at sentencing. Notably, however, he does not argue now that he was not convicted of

those crimes. Moreover, Galvan himself told the Court at sentencing that there were no mistakes "of any kind" anywhere in the PSR. (S. Tr. at 13.) The Court can discern no valid basis for counsel to challenge the prior convictions and Galvan has not presented any. Accordingly, even if his counsel had raised some challenge to the use of the prior convictions, the outcome of the proceeding would not have been different. See Kimler, 167 F.3d at 893. Thus, Galvan cannot show prejudice and his ineffective assistance claim on this ground fails.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Galvan has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved

encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Galvan's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, Galvan is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the aforementioned reasons, Galvan's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 64) is DENIED.  Additionally, Galvan is DENIED a Certificate of Appealability.

ORDERED this 8th day of August, 2008.

_____
Janis Graham Jack
United States District Judge