IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-82 |
| | § | C.A. No. C-07-446 |
| GUILLERMO GALVAN, | § | |
|     Defendant/Movant. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF NEW COUNSEL

On July 31, 2008, the Court held an evidentiary hearing to address certain claims in Movant Guillermo Galvan's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Galvan was represented by appointed counsel, Randall Barrera, during that hearing. At the conclusion of the hearing, the Court announced that it was denying the § 2255 motion. The Court subsequently denied the motion by written order and final judgment, both of which were signed and entered August 8, 2008. (D.E. 81, 82.)

On August 7, 2008, subsequent to the hearing but before the entry of the written order and judgment, the Clerk received a *pro se* Notice of Appeal from Galvan.[1] He also filed a separate document requesting that a different attorney be appointed to represent him on appeal. (D.E. 80.) In that document, Galvan states that he believes there is a "conflict of interest" because the attorney who represented him at the hearing, Randall Barrera, "admits to being real good friend[s]" with Galvan's prior defense counsel, about whom Galvan's § 2255 motion complained.

Galvan is not appealing his criminal judgment, but the denial of a post-conviction motion he filed *pro se*. Although Galvan was entitled to be represented by counsel at his evidentiary hearing, there is no constitutional right to counsel to appeal from the denial of a § 2255 motion. See United

---

[1] Per Rule 4(a)(2) of the Federal Rules of Appellate Procedure, his notice of appeal is treated "as filed on the date of and after the entry" of written judgment.

1

States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted); cf. United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995) (defendant had no constitutional right to appointed counsel for purpose of bringing a post-conviction motion to reduce sentence based on post-sentencing amendment to sentencing guideline, nor is the motion an "ancillary matter" within the meaning of 18 U.S.C. § 3006A(c)). Moreover, Galvan has not shown that the interests of justice require appointment of counsel on appeal.

For the foregoing reasons, Galvan's motion to appoint new counsel (D.E. 80) is DENIED. Additionally, Randall Barrera is excused from further duties in this case.

It is so ORDERED this 22nd day of August, 2008.

_____
Janis Graham Jack
United States District Judge