IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-82 |
| | § | C.A. No. C-07-446 |
| GUILLERMO GALVAN, | § | |
|     Defendant/Movant. | § | |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION FOR TRANSCRIPT AT GOVERNMENT EXPENSE

Pending before the Court is Defendant Guillermo Galvan's letter motion, which seeks: (1) the appointment of counsel to represent him on his appeal from the denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255; and (2) a free copy of the transcript from the evidentiary hearing in his § 2255 proceedings.

For the reasons set forth in the Court's prior order denying Galvan's motion for appointment of counsel, an order that Galvan did not receive prior to submitting the instant motion, his motion for appointment of counsel (D.E. 86) is DENIED. Contrary to his assertions, he is not entitled to counsel to appeal the denial of his § 2255 motion. (See D.E. 85 at 1-2.)

His most recent filing also requests a copy of the transcript from his evidentiary hearing. He explains that he does not know how to order the transcript, but that he is proceeding *in forma pauperis*. The Court thus construes his motion as requesting a copy of the transcript at government expense. Throughout his criminal proceedings, Galvan was entitled to appointed counsel because the Court found that he could not afford counsel. Similarly, the Court found that Galvan was indigent in his § 2255

1

proceedings and thus was entitled to appointed counsel to represent him at his evidentiary hearing. (D.E. 74, 75.)

An indigent defendant has a statutory right to free transcripts and documents in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant, however, must establish that the transcript is needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Although this Court has denied Galvan a Certificate of Appealability, the Court of Appeals must also determine whether a COA will issue. In order to do so, the appellate court likely will need to review the transcript of the evidentiary hearing in this case. Accordingly, the transcript is necessary to decide an issue in a pending suit. Additionally, while the Court does not believe a COA is warranted, it cannot state that Galvan's appeal is "frivolous." Thus, Galvan has shown an entitlement to the evidentiary hearing transcript pursuant to § 753(f).

For these reasons, Galvan's motion for a copy of the evidentiary hearing transcript is GRANTED. The Clerk is directed to obtain and file a copy of the transcript from Galvan's July 31, 2008 evidentiary hearing at the Court's expense, and to provide a copy to Galvan at no charge to him.

It is so ORDERED this 4th day of September, 2008.

_____
Janis Graham Jack
United States District Judge