United States District Court
Southern District of Texas
**ENTERED**
October 30, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:04-CR-82 |
| | § | |
| GUILLERMO GALVAN | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING RULE 60(B) MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

Defendant Guillermo Galvan (Galvan) filed a Rule 60(b) motion (D.E. 104) requesting relief from this Court's Order and final judgment dated July 29, 2015. D.E. 101, 102. For the reasons stated herein, the Court dismisses Galvan's motion, and denies him a certificate of appealability.

### I. PROCEDURAL BACKGROUND

Galvan was convicted of two drug trafficking offenses after a jury trial. D.E. 19. Although both counts of the Indictment[1] involved small quantities of drugs, the government filed an enhancement pursuant to 21 U.S.C. § 851 because Galvan had previously been convicted of a drug trafficking violation in 1994 and of attempted burglary. D.E. 10. The Court sentenced Galvan to 262 months imprisonment on Count One and 120 months on Count Two to run concurrently. D.E. 27. Galvan appealed and the Fifth Circuit vacated his sentence and remanded for resentencing. D.E. 40. The Court resentenced Galvan to the same sentence. D.E. 48. Galvan again appealed, but the Fifth Circuit affirmed the judgment. D.E. 58.

---

[1] The Indictment charged Galvan with possession with intent to distribute approximately 6 grams of cocaine in Count One and possession with intent to distribute approximately 79 grams of marijuana in Count Two. D.E. 1.

In 2007, Galvan filed a motion to vacate, set-aside or correct sentence. After the government's response, the Court appointed counsel and held an evidentiary hearing before determining that Galvan's claims had no merit. D.E. 81, 82. Galvan appealed, but the Fifth Circuit denied him a certificate of appealability. D.E. 95. In 2010, Galvan sought permission to file a second or successive § 2255 motion, but the Fifth Circuit denied his motion. D.E. 99.

In 2015, Galvan filed a motion to appoint counsel and for reconsideration of his challenge to his career offender designation pursuant to *Johnson v. United States,* 136 S.Ct. 2551 (2015). This Court construed the motion to be a second or successive § 2255 motion and dismissed it by Order and final judgment dated July 29, 2015. D.E. 101, 102.

Galvan filed his present motion in which he requests that this Court consider his motion to be a true motion pursuant to Rule 60(b) on the grounds that recent decision in *Johnson v. United States*, 136 S.Ct. 2551 (2015), affected the validity of one of his predicate offenses, attempted burglary.

## II.  ANALYSIS

A.    **Federal Rule of Civil Procedure 60(b)**

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2015).

In some instances, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255); *Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of

the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532. Any other claim pursuant to either rule must be considered second or successive. *Id*.

**B.    Galvan's Motion Is Second or Successive**

Galvan claims that one of his predicate offenses was invalidated by *Johnson* which invalidated the residual clause of the ACCA.[2] Although Galvan could not have raised this issue in his previous § 2255 motion, because he seeks substantive relief he must obtain permission from a panel of the Fifth Circuit before filing this claim. *See Gonzalez*, 545 U.S. at 531; *United States v. Hernandes*, 798 F.3d 680, 682 (5th Cir. 2013) (holding that substantive attack on district court's resolution of the merits of § 2255 motion was unauthorized habeas petition over which the district court had no jurisdiction).

---

[2]   The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."
>
> § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 136 S.Ct. at 2555-56.

Galvan was not enhanced under § 924(e), but pursuant to the Sentencing Guidelines Manual § 4B1.1. A "crime of violence" in Chapter 4 is defined in part as "*burglary of a dwelling*, arson or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (emphasis added). Burglary is not part of the residual clause language that *Johnson* invalidated; it is one of the enumerated offenses that are defined as a crime of violence.

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Galvan's motion does not indicate that he has sought or obtained such permission.

### III.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); *Williams v. Quarterman*, 293 Fed. Appx. 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion.").

Although Galvan has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The Court finds that Galvan cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

### IV.  CONCLUSION

Galvan's Rule 60(b) motion for reconsideration (D.E.104) is DISMISSED as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim). The Court also DENIES him a Certificate of Appealability.

SIGNED and ORDERED this 30th day of October, 2015.

_____
Janis Graham Jack
Senior United States District Judge