United States District Court
Southern District of Texas
**ENTERED**
May 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:04-CR-82 |
| | § | |
| GUILLERMO GALVAN | § | |

## ORDER

Guillermo Galvan filed a motion for copies of documents including: 1) a recent docket sheet, 2) sentencing transcript, 3) Indictment, 4) plea agreement, 5) Judgment, 6) change of plea transcript (if applicable), and 7) a copy of the § 851 information. D.E. 108. He claims to need these documents to file a prospective motion. There is nothing pending in his case except the present motion.

Galvan was sentenced to 262 months imprisonment as a career offender after he pleaded guilty to two counts of possession of a controlled substance, 6 grams of cocaine and 79 grams of marijuana. D.E. 27. He appealed and his sentence was vacated. On resentencing, the Court imposed the same sentence. D.E. 48. The Fifth Circuit affirmed in 2006. D.E. 58. In 2007, Galvan filed a motion to vacate, set-aside or correct sentence in which he challenged in part, the use of his predicate offense of attempted burglary to enhance his punishment. *See* D.E. 64. After conducting an evidentiary hearing, the Court denied the motion by Order dated August 28, 2008. D.E. 82. Galvan obtained the transcript of the evidentiary hearing at government expense. D.E. 87. The Fifth Circuit denied him a Certificate of Appealability. D.E. 95.

In 2010, the Fifth Circuit denied Galvan authorization to file a second or successive § 2255 motion. D.E. 99. In 2015, Galvan filed a motion to appoint counsel that this Court construed to be a second or successive § 2255 motion and advised him that if he wished to

further challenge his sentence he must obtain permission to do so from the Fifth Circuit Court of Appeals. D.E. 101. In October 2015, Galvan filed a Rule 60(b) motion that this Court found to be a second or successive motion and again advised Galvan that he must seek permission from the Fifth Circuit Court of Appeals to file such a motion. D.E. 105. Galvan sought reconsideration of the Court's dismissal by motion filed in December 2015. D.E. 106. Yet again, this Court advised Galvan that he was required to obtain permission from the Fifth Circuit Court of Appeals to file another § 2255 motion. D.E. 107.

Although Galvan originally qualified for appointed counsel and the Court presumes he remains indigent, an indigent defendant has a statutory right to free court documents only in particular circumstances. *See* 28 U.S.C. § 753(f); *United States v. MacCollum*, 426 U.S. 317 (1976). The defendant must establish that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f). Although Galvan claims he needs the documents for a prospective motion that is not the standard. *See* 28 U.S.C. §§ 753(f), 2255(f); *see also United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Galvan's motion (D.E. 108) is DENIED in part and GRANTED in part (as to the docket sheet). The Clerk is instructed to send Galvan a copy of the docket sheet and inform him of the cost of the documents he seeks so that he may order them if he chooses to do so. If the motion

Galvan plans to file challenges his sentence, he is reminded that he *is required to obtain permission from the Fifth Circuit Court of Appeals*.

SIGNED and ORDERED this 19th day of May, 2016.

_____
Janis Graham Jack
Senior United States District Judge